```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAUREN DATTILO-BARKER            :      CIVIL ACTION
                                 :
          v.                     :
                                 :
DARTMOUTH PHARMACEUTICALS        :
INC.                             :      NO. 12-3540
```

MEMORANDUM

McLaughlin, J.                                          October 10, 2012

The plaintiff claims that she was hired by Dartmouth Pharmaceuticals, Inc., and then suffered sexual harassment by the president of the company, during a week long training program in Massachusetts. The plaintiff disclosed the harassment to a co-worker, who registered a complaint to the plaintiff's supervisor. The plaintiff contends that the sexual harassment continued and that she was abruptly terminated from her job in retaliation for lodging the complaint.

The defendant moves to dismiss the complaint on the grounds of improper venue and forum non conveniens. The defendant also argues that the complaint fails to state a claim because (1) the defendant only has six employees and therefore is not subject to Title VII; (2) the defendant and the plaintiff were not in an employment relationship according to the terms of the contract; and (3) the contract has a clause stating that any disputes will be governed by the laws of the Commonwealth of Massachusetts. The Court will deny the motion.

Venue is proper in this forum because Title VII has its own venue provision under which venue is proper "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C.A. § 2000e-5(f)(3). There is no dispute that the plaintiff would have worked in Pennsylvania had she not been fired.

The Court will not dismiss the case on the ground of forum non conveniens but will consider a transfer under 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court is required to consider the above factors, namely the interest of justice and the convenience of the parties and witnesses, as well as several additional private and public interest factors. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).

The private interest factors that a court considers include:

> [1] [The] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses--but only to the extent that the witnesses may actually be

>     unavailable for trial in one of the fora; and
>     [6] the location of books and records
>     (similarly limited to the extent that the
>     files could not be produced in the
>     alternative forum).

Id. at 879 (internal citations omitted).  The public interest factors include:

>     [1] [T]he enforceability of the judgment;
>     [2] practical considerations that could make
>     the trial easy, expeditious, or inexpensive;
>     [3] the relative administrative difficulty in
>     the two fora resulting from court congestion;
>     [4] the local interest in deciding local
>     controversies at home; [5] the public
>     policies of the fora; and [6] the familiarity
>     of the trial judge with the applicable state
>     law in diversity cases.

Id. at 879-80 (internal citations omitted).  The defendant bears the burden of proving that transfer is needed.  Id.

The private interest factors require the action to remain in this court.  The plaintiff, a Pennsylvania resident, has chosen this forum in which to bring her action.  That choice is "not [to] be lightly disturbed."  Jumara, 55 F.3d at 879.  Although it does appear that the claim arose in Massachusetts during the training program, the plaintiff did live and work in Pennsylvania and was terminated here so this factor is a neutral.

The defendant argues that it would be more convenient for potential witnesses and any relevant records to be produced in Massachusetts.  Jumara makes clear, however, that these factors only favor transfer where documents or witnesses are, in fact, unable to be produced in one forum or another.  55 F.3d at

3

879. The Court asked the parties to submit additional letters on the question of the location of witnesses.

The parties sent letters to the Court dated October 1, 2012, and October 3, 2012, describing those witnesses who could be subpoenaed in one forum but not the other. The defendant discusses two non-party related witnesses who could be subpoenaed in Massachusetts but not in Philadelphia. The two individuals were present at the training meeting that is the focal point of the plaintiff's claim. The plaintiff has presented three witnesses who could be subpoenaed in Philadelphia but not in Massachusetts. One of these three witnesses was also present at the training session that forms the focal point of the complaint. These are the important witnesses to be considered. The Court will not consider the so-called "character witnesses" who the defendant states it will be presenting on behalf of the alleged harasser. Some of these people are his children and the Court is confident that if character testimony is relevant and admissible, the children will come to Philadelphia.

Because there are important non-party related witnesses for both sides who can be subpoenaed in only one jurisdiction, this factor is a neutral. Although there are two such witnesses on the defendant's side and only one on the plaintiff's side, that imbalance is not enough to favor transfer in light of the fact that the plaintiff's choice of forum is not to be "lightly

disturbed." The location of the books and records is a neutral factor because it does not appear that there will be such a large volume that moving them from one location to another will be an issue.

All of the public factors are neutral. The Court, therefore, will deny the motion to transfer to the District of Massachusetts.

The Court also concludes that it is premature to decide the first two failure to state a claim arguments made by the defendant. Facts are in dispute with respect to the issues of number of employees and whether the plaintiff is a contract employee. The defendant may raise this again after discovery.

On the contract clause point, the plaintiff correctly noted that the governing law provision only applies to enforcement of the contract and not to a workplace discrimination suit.

An appropriate order will issue.